IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOVLETTE WALKER-SHARPE           :          CIVIL ACTION
                                 :
          v.                     :
                                 :
UNIVERSAL PROTECTION SERVICE,    :          NO. 25-3555
LLC d/b/a ALLIED UNIVERSAL       :
SECURITY SERVICES                :

MEMORANDUM

Bartle, J.                                          May 4, 2026

          Plaintiff Novlette Walker-Sharpe originally filed this
action in the Court of Common Pleas of Philadelphia County on
April 10, 2025.  It was timely removed to this court.  She
alleges that defendant violated the Family and Medical Leave Act
("FMLA"), 29 U.S.C. § 2601 et seq., the Americans with
Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the
Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §
951 et seq.  All claims are related to disability discrimination
and retaliation.  On March 3, 2026, plaintiff's present counsel
entered his appearance in place of plaintiff's prior counsel.

          Before the court is the motion of plaintiff to file an
amended complaint to add a claim for sex discrimination under
the PHRA.  Defendant opposes the motion on the ground that
plaintiff withdrew her administrative claim of sex
discrimination before the Pennsylvania Human Relations

Commission ("PHRC") when her then counsel filed an amended complaint with the PHRC alleging disability discrimination.

An amended complaint supersedes the original and renders it of no legal effect unless the amended complaint "specifically refers to or adopts the earlier pleading." W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) (citation modified).

The question before the court is whether the amended administrative complaint alleging disability discrimination superseded the earlier complaint alleging sex discrimination or whether it was an addition to that earlier complaint.

The sex discrimination complaint was filed by plaintiff pro se with the PHRC on April 20, 2023. Thereafter, she obtained counsel who filed an amended complaint with the PHRC on September 29, 2023. The sex discrimination charge is not explicitly restated in the amended complaint. Nevertheless, the amended complaint begins with the sentence: "This is an amendment to a charge of discrimination that was dual filed with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC") on April 20, 2023." Am. PHRC Compl. at 1 (emphasis added). The amended complaint concludes with the following: "Wherefore, Complainant believes and avers that the actions of the Respondents were discriminatory and retaliatory in nature, in violation of the

-2-

Americans with Disabilities Act, the Pennsylvania Human Relations Act, and <u>Title VII of the Civil Rights Act of 1964 and 1991</u>, as amended."  <u>Id.</u> at 4-5 (emphasis added).

The court reads the amended administrative complaint before the PHRC as referring to and incorporating the sex discrimination charge and not withdrawing that charge.  The amended complaint states that it is "an amendment to" the original charge, connoting that it is a supplement, not a replacement.  In addition, the amended complaint makes reference to both the PHRA and Title VII of the Civil Rights Act.  While the PHRA encompasses both sex and disability discrimination, Title VII outlaws sex discrimination but says nothing about disability discrimination.  <u>See</u> 43 Pa. Cons. Stat. § 955; 42 U.S.C. § 2000e-2.  If the amended complaint was a withdrawal of the earlier complaint, there would have been no reason to cite Title VII.  Although not artfully drafted, the amended administrative complaint refers to and adopts the earlier pleading.  <u>See</u> Am. PHRC Compl. at 1.  The plaintiff has exhausted her administrative remedies with respect to her sex discrimination claim.

The court further finds that there has been no undue delay in this bringing of the pending motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should "freely give leave" to amend

"when justice so requires."  Accordingly, the court will grant plaintiff leave to file her amended complaint.

-4-